William R. Hobson, SBN 006887
**LAW OFFICE OF WILLIAM R. HOBSON, PC**
7303 W. Boston Street
Chandler, AZ 85226
480-705-7550
480-705-7503 (fax)
bill@billhobsonlaw.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Annette Berk,<br><br>        Plaintiff,<br><br>vs.<br><br>Belsito Plumbing, L.L.C., an Arizona limited liability company, Steven M. Belsito, individually,<br><br>        Defendants. | **Case No.**<br><br>**VERIFIED CIVIL COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff Annette Berk, by and through William R. Hobson and the Law Offices of William R. Hobson, P.C., her undersigned attorney of record, submits this Verified Complaint and Demand for Trial by Jury against Defendants Belsito Plumbing, L.L.C. and Steven M. Belsito, individually and as Manager/Member of Belsito Plumbing, L.L.C., on her claims for (1) failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a), and (2) failure to pay wages in violation of A.R.S. § 23-355. This Complaint and Demand is filed pursuant to Federal Rules of Civil Procedure, Rules 3, 7(a)1, 8(a), and 38(a,b):

## **Fact Allegations**

1. Plaintiff Annette Berk ("Berk") is, and has been at all times material to this Complaint, an adult resident of Maricopa County, Arizona.

2. Defendant Belsito Plumbing, L.L.C. ("Belsito LLC") is an Arizona business licensed to do business and doing business in the state of Arizona.

3. Defendant Steven M. Belsito ("Steven Belsito") is the owner/manager/member of Belsito Plumbing, L.L.C. and as a manager he is an officer who had a significant ownership interest with operational control of significant aspects of the corporation's day-to-day functions; the power to hire and fire employees; the power to determine salaries; and the responsibility to maintain employment records.

4. At all material times Defendants were:

(A) An "employer" as that term is defined in 29 U.S.C. 203(d), and used in 29 U.S.C. 207(a), and in A.R.S. 23-350(3); and/or

(B) An "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in 29 U.S.C. 203 (r,s).

5. Berk was employed by Belsito LLC and Steven Belsito as an office employee and dispatcher from the end of December of 2012 through March 20, 2014 as an hourly wage employee working 40 hours a week and also assigned overtime work as the company dispatcher at night and on weekends for which she received minimum compensation and which compensation for unpaid overtime is what this lawsuit is about.

6. At all times during her employment by Belsito LLC and Steven Belsito, Berk was an employee of Belsito LLC and Steven Belsito as that term is defined in 29 U.S.C. 203(e)(1), and used in 29 U.S.C. 207(a), and A.R.S. 23-350(2).

7. Throughout her employment, Defendants required Berk to work more than forty (40) hours per week on multiple occasions, but unlawfully and willfully failed to pay her at the rate of 1.5 times her hourly rate of pay for such overtime hours as required by the FLSA. 29 U.S.C. 207(a)(1).

8. The FLSA applies to Belsito LLC and Steven Belsito who knew or reasonably should have known that Berk's employment was not exempt from the coverage of the FLSA.

9. Berk's hourly rate of pay was $10.00 per hour for the 90 days. It was increased to $12.00 per hour in March of 2013 and then increased to $15.00 per hour in January of 2014. Berk's on-the-clock work was reflected in time sheets kept by the Defendants.

10. Although it was a requirement of her job, Berk's work as Defendants' dispatcher was compensated at a *de minimus* rate of $25 per night during the week and she was paid a *de minimus* rate of $50.00 for work as a dispatcher on the (two day) weekends which shifts were 24 hours in duration for a total of 48 hours per weekend. This translates to a rate of $1.66 per hour for weekday after hours dispatch work and $2.08 per hour for weekend dispatch work.

11. Her work as a dispatcher was part of her assigned duties and meant that she had to be available to respond to calls during those times she was away from the office and on all weekends unless she actually took vacation days and was out of the area which happened on two occasions.

12. During the period of her employment by Defendants, Berk worked approximately 8806 hours of overtime work, which was work performed in excess of forty hours in the week.

13. With respect to such overtime hours, applying the wage rate at which Berk was paid, Defendants should have paid, but failed to pay to Berk overtime wages of approximately $147,192.00.

**Jurisdiction**

14. The United States District Court for Arizona has jurisdiction with respect to count one of this Complaint pursuant to 28 U.S.C. § 1331 because it arises under federal law, to-wit: 29 U.S.C. § 207(a), and also pursuant to 29 U.S.C. § 216(b).

15. The United States District Court for Arizona has supplemental jurisdiction with respect to count two of this Complaint (a claim for unpaid wages arising under the

law of Arizona) pursuant to 28 U.S.C. § 1367(a) because it arises from the same core facts as Count One.

16. Berk is, and has been at all times material to this Complaint, a resident of Maricopa County, Arizona, and Belsito LLC and Steven Belsito has been engaged in business in Maricopa County, Arizona, where the claims set forth in this Complaint arose.

## **Demand for Trial by Jury**

17. Berk demands a trial by jury, pursuant to the U.S. Constitution Seventh Amendment and Federal Rules of Civil Procedure Rule 38 (a,b).

## **Relief Requested**

18. Based upon the foregoing, Berk respectfully requests judgment and orders granting her the following relief against Defendants jointly and severally:

## **Count One: FLSA-Failure to Pay Overtime Wages, 29 U.S.C. 207(a), 29 U.S.C. 215(a)2, and 29 U.S.C. 216(b)**

19. Berk's unpaid overtime wages totaling approximately $147,192.00, to be doubled to approximately $294,384.00, pursuant to 29 U.S.C. § 216(b).

20. Berk's reasonable attorneys fees pursuant to 29 U.S.C. § 216(b) and Federal Rules of Civil Procedure, Rule 54(d)(2).

21. Berk's taxable costs pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 1920, Federal Rules of Civil Procedure Rule 54(d)(1), and LRCiv Rule 54.1.

## **Count Two: Failure to Pay Wages (A.R.S. 23-355)**

22. Berk's unpaid wages in the sum of approximately $132,096.00, to be trebled to approximately $441,576.00 pursuant to A.R.S. § 23-355.

23. Berk's reasonable attorney's fees pursuant to A.R.S. § 12-341.01(A).

24. Berk's taxable costs incurred herein, pursuant to FRCP Rule 54(d)1, LRCiv Rule 54.1, and 28 U.S.C. § 1920.

1 | Respectfully submitted this 22nd day of July, 2014.

LAW OFFICES OF WILLIAM R. HOBSON, P.C.

    s/William R. Hobson
William R. Hobson. Attorney for Plaintiff

**VERIFICATION**

Annette Berk for her declaration states

1. I am Annette Berk, the Plaintiff in this litigation and make this declaration under penalty of perjury and of my personal knowledge.

2. I have reviewed the above complaint and the allegations contained in it are true.

3. I make this declaration under penalty of perjury.

Dated this 22nd day of July, 2014.

                                                  s/Annette Berk

                                                  Annette Berk